# In the United States District Court for the Southern District of Georgia Savannah Division

KEVIN MAURICE MITCHELL,

    Plaintiff,

v.

AMAZON T and AMAZON,

    Defendants.

CV 425-017

## ORDER

Before the Court is Plaintiff's response to the Court's Order directing Plaintiff to serve Defendants with process within thirty days. Dkt. No. 9; see also Dkt. No. 8. For the reasons stated below, this matter is **DISMISSED without prejudice**.

## BACKGROUND

Plaintiff initiated this employment action on January 17, 2025. Dkt. No. 1. On June 4, 2025, the Court ordered Plaintiff "to show good cause why he has not effected service on Defendants." Dkt. No. 6 (citing Fed. R. Civ. P. 4(m); 12(b)(5)). Plaintiff responded by writing a letter to the Court describing his attempt to serve Defendants. Dkt. No. 7. The Court concluded Plaintiff's attempt at serving Defendants with process was insufficient. Dkt. No. 8 at 2.

First, Plaintiff failed to serve Defendants with a summons and a copy of the complaint, as required by Federal Rule of Civil Procedure 4(c)(1). Further, it was unclear whether the Senior Human Resources Manager upon whom service was attempted qualifies as "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," as required by Federal Rule of Civil Procedure 4(h)(1)(B).

The Court granted Plaintiff a thirty-day extension of time within which to serve Defendants. Dkt. No. 8. The Court ordered Plaintiff "to effect service upon Defendants in accordance with the Federal Rules of Civil Procedure *and* file proof of service on the record on or before July 24, 2025." Id. The Court cautioned Plaintiff that his "failure to do so will result in dismissal of his complaint without prejudice." Id.

In response to the Court's Order, Plaintiff filed an "Affidavit of Corporate Service" on July 14, 2025. Dkt. No. 9. The affidavit states that a process server served Defendant Amazon in Carson City, Nevada, on July 8, 2025 by personally delivering to administrative assistant Kris Kennison a copy of 1) the EEOC's Determination and Notice of Rights letter and 2) the Court's Rule 26 Instruction Order. See id.

The Court, again, concludes that Plaintiff's attempt at serving Defendants with process is insufficient. Plaintiff's most recent attempt to serve Defendants suffers from the same

2

defects as his previous attempt at service. That is, Plaintiff failed to serve Defendants with a summons and a copy of the complaint, as required by Federal Rule of Civil Procedure 4(c)(1). Despite the Court pointing out in its prior Order that a defendant must be served with a summons and a copy of the complaint, Plaintiff attempted to serve a copy of the EEOC's Determination and Notice of Rights letter and the Court's Rule 26 Instruction Order. Dkt. No. 9. Further, as before, it is unclear whether the administrative assistant upon whom service was attempted qualifies as "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," as required by Federal Rule of Civil Procedure 4(h)(1)(B).

In short, Plaintiff has once again failed to serve Defendants with process. Therefore, in accordance with the Court's prior Order, dkt. no. 8, Plaintiff's complaint is **DISMISSED without prejudice.** The Clerk is **DIRECTED** to close this case.

SO ORDERED, this 30 day of July, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA